JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States | Penn Venture Partners, LP |

| **(b)** County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant   Dauphine County PA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Arlene Embrey, US SBA, 409 3rd St., SW, Washington DC 20416 202-205-6976 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☒ 1   U.S. Government Plaintiff
- ☐ 2   U.S. Government Defendant
- ☐ 3   Federal Question *(U.S. Government Not a Party)*
- ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | 3729(a)) |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| Student Loans | ☐ 340 Marine | Injury Product | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product | Liability | | New Drug Application | ☐ 470 Racketeer Influenced and |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | Corrupt Organizations |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 862 Black Lung (923) | Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | Income Security Act | or Defendant) | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | Sentence | | 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** | | Act/Review or Appeal of |
| | Employment | **Other:** | ☐ 462 Naturalization Application | | Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| | Other | ☐ 550 Civil Rights | Actions | | State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 754

Brief description of cause:
Appointment of Federal Receiver in another Federal District

## VII. REQUESTED IN COMPLAINT:

- ☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE

DOCKET NUMBER

DATE
7/26/2019

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

| RECEIPT # | AMOUNT | APPLYING IFP | JUDGE | MAG. JUDGE |
|---|---|---|---|---|
| | | | | |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **v.** | ) **Civ. Action No.** |
| | ) |
| **PENN VENTURE PARTNERS, L.P.** | ) |
| | ) |
| **Defendant** | ) |
| | ) |

## COMPLAINT FOR RECEIVERSHIP, INJUNCTIVE RELIEF
## AND MONEY JUDGMENT

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the United States Small Business Administration, and for its cause of action states as follows:

### PARTIES, JURISDICTION AND VENUE

1.     This is a civil action brought by the United States of America on behalf of its agency, the United States Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is located at 409 Third Street, S.W., Washington, D.C., 20416.

2.     Defendant, Penn Venture Partners, L.P, (hereinafter, "PVP" or "Defendant") is a Delaware limited partnership that was designated with final approval by SBA as a New Markets Venture Capital Company (hereinafter

"NMVCC") under the Small Business Investment Act of 1958, as amended (hereinafter, the "Act") on or about August 2, 2002. PVP was assigned NMVCC number 03/83-0003.

3.     Jurisdiction is conferred on this Court by virtue of the Act, 15 U.S.C. §§ 689l and 689m, and 28 U.S.C. § 1345.

4.     PVP maintains its principal office and/or principal place of business at 132 State Street, Harrisburg, PA 17101.  Venue is therefore proper under the Act, 15 U.S.C. §§ 689l and 689m, and under 28 U.S.C. § 1391(b).

**STATUTORY AND REGULATORY FRAMEWORK**

5.     The purposes of the Act and the New Markets Venture Capital Program are to improve and stimulate the national economy, and small business in particular, by stimulating and supplementing the flow of private equity capital and long-term loan funds which small businesses need for sound financing of their operations and growth and to further economic development and the creation of wealth and job opportunities in low-income geographic areas and among individuals living in such areas by encouraging developmental venture capital investments in smaller enterprises primarily located in such areas. 15 U.S.C. §§ 661 and 689a.

6.     Congress authorized the SBA to carry out the provisions of the Act and to

2

prescribe regulations governing the operations of NMVCCs. SBA duly promulgated such regulations which are set forth at Title 13 of the Code of Federal Regulations, Part 108 (hereinafter, the "Regulations").

7.     PVP is a limited partnership organized solely for the purpose of performing the functions and conducting the activities contemplated under the Act and Regulations. 13 C.F.R § 108.100.  SBA enters into a "Participation Agreement" (as identified in 13 C.F.R. §§ 108.50 and §380) with each NMVCC and provides financing to them to accomplish the purposes of the Act.

8.     SBA is authorized to provide financial assistance in the form of Leverage (defined in 13 C.F.R. § 108.50) to NMVCCs.  SBA does this through the guarantee of debentures (hereinafter, "Debentures") issued by NMVCCs. 15 U.S.C.§ 689d.

9.     Leverage provided to an NMVCC in the form of Debentures is subject to the Regulations, including but not limited to the provisions of 13 C.F.R. §§108.1810-1840. Section 108.1830(b) of the Regulations states that a Licensee has a condition of Capital Impairment if its Capital Impairment Percentage (identified in § 108.1840) exceeds 70% percent.

10.     If an NMVCC violates, or fails to comply with, any of the provisions of the Act or Regulations, all of its rights, privileges, and franchises may be forfeited and the company may be declared dissolved. 15 U.S.C. §689m.

11.     Section 363 of the Act, 15 U.S.C. § 689l, provides that if SBA

determines that an NMVCC has engaged, or is about to engage, in any acts or

practices which constitute, or will constitute, a violation of the Act or Regulations,

the SBA may seek, from the appropriate United States District Court, an order

enjoining such act or practices, and upon a showing by the SBA that such NMVCC

has engaged, or is about to engage, in any such act or practices, a permanent or

temporary injunction, restraining order, or other order, shall be granted without

bond. In addition, the Court is authorized to appoint SBA to act as receiver for

such NMVCC. 15 U.S.C. § 689l.

**STATEMENT OF FACTS**

12.     PVP was approved and designated by SBA as an NMVCC and

entered into a Participation Agreement with SBA effective April 23, 2003.   A true

and correct copy of that agreement is attached as **Exhibit A**.  PVP was assigned

NMVCC number 03/83-0003, solely to do business under the provisions of the Act

and regulations promulgated thereunder.  13 C.F.R. § 108.100.

13.     PVP's Agreement of Limited Partnership, submitted to SBA by PVP

as part of the license application process, expressly provides that upon being

designated as a NMVCC, PVP would conduct only the activities of an NMVCC

under the Act.

14.    As an NMVCC, PVP may not engage in any activities other than activities contemplated by the Act.  13 C.F.R. § 108.500.

15.    Penn Venture Associates, LLC is the general partner of PVP.  It was organized solely for the purpose of being the general partner of a NMVCC.  13 C.F.R. § 108.160(a)(1).

16.    In accordance with Section 355 of the Act, 15 U.S.C. §689d, SBA provided Leverage to PVP through the guarantee of Debentures with a face value totaling $15,000,000, plus interest.

17.    SBA in turn issued guaranteed trust certificates on the payment of principal and interest as provided in 15 U.S.C. § 698e under the full faith and credit of the United States.

18.    Nonperformance of any of the requirements of any Debenture or of any written agreement with SBA constitutes a violation of the regulations.  13 C.F.R. § 107.507(a).

19.    Failing to make timely payments to SBA is also a violation of the Regulations that constitutes an event of default with opportunity to cure.  13 C.F.R. § 108.1810(f)(3).

20.    Among other things, compliance with the terms of the Leverage provided by SBA required that PVP not have a condition of Capital Impairment, as that term is defined under the Regulations, 13 C.F.R. § 108.1830, which provides

that an NMVCC such as PVP has a condition of Capital Impairment if its Capital

Impairment percentage exceeds seventy percent (70%).  A condition of Capital

Impairment is an event of default with an opportunity cure.  13 C.F. R. §

108.1810(f)(5).

21.    Repeated events of default result in an event of default with notice.

13 C.F.R. § 108.1810(d)(5).

22.    SBA determined that PVP had committed a repeated event of default

by defaulting for a second time in failing to make timely payment to SBA of

principal and interest on one or more Debentures.  SBA also determined that PVP

was more than 70% capitally impaired.

23.    By letter dated March 8, 2016 (the "Notice of Violation"), SBA

informed PVP that it had committed a repeated event of default and that it had a

condition of Capital Impairment because its Capital Impairment Percentage was

90.6%, which was over the legal limit of 70% in § 108.1830(b).  SBA provided

PVP an opportunity to cure its capital impairment under § 108.1810(g) of the

Regulations.  SBA also gave PVP 15 days to pay SBA the defaulted amount of

$1,341,741.32 and informed PVP of further consequences if it failed to make the

payment, including  SBA's authority under the Regulations to accelerate the

Debentures under § 108.1810(e)(1) and seek a receivership under §

108.1810(e)(3).  A true and correct copy of that letter is attached as **Exhibit B**.

6

24.     Although not required under the Regulations to offer PVP an opportunity to cure its repeated default (because it was a repeated offense), SBA gave it that opportunity in the Notice of Violation.

25.     PVP failed to cure its condition of Capital Impairment and also failed to make the required payment to SBA as provided in the Notice of Violation.

26.     PVP's repeated event of default entitled SBA to the remedies under § 108.1810(d) of the Regulations.

27.     PVP's condition of Capital Impairment constitutes non-compliance with the terms of its Leverage under 13 C.F.R. §108.1830(a) and is a violation of and an event of default under the Regulations, 13 C.F.R. §108.1810(f)(5). These continuing violations of the Regulations and Act entitle SBA to the remedies in § 108.1810(g).

28.     PVP failed to cure its capital impairment and failed to make the payment as required by the Notice of Violation.  SBA accelerated the unpaid amount of the Debentures.  In accordance with its trust certificate obligations under 15 U.S.C.§ 698e , SBA paid a total of $13,890,076.31 in principal and interest on its guarantee for those Debentures in two separate purchases on February 29, 2016 and April 11, 2016.  By letter dated June 10, 2016, SBA informed PVP of the actions taken so far, including acceleration of the Debentures, and provided PVP

15 days to pay in full all amounts owed to SBA. A true and correct copy of that letter is attached as **Exhibit C**.

29.    PVP subsequently made partial payments, but failed to pay SBA in full.

30.    In a letter agreement dated June 15, 2018, SBA agreed to forbear from seeking a receivership of PVP under certain conditions until December 31, 2018. A true and correct copy of that letter agreement is attached as **Exhibit D**.

31.    Among other things, PVP agreed to execute a Stipulation for Entry of Consent Order Appointing Receiver and a Consent Order of Receivership. PVP did so on or about July 2, 2018.

32.    Therefore, PVP consented in advance to SBA being appointed receiver at any time after the term of forbearance has expired if by that time PVP has not paid SBA in full of all amounts owed under the Debentures.

33.    PVP has also waived any objection to the relief sought of SBA being appointed its Receiver.

34.    The forbearance period deadline elapsed on December 31, 2018.

35.    PVP executed an updated Stipulation for Entry of Consent Order Appointing Receiver and an updated Consent Order of Receivership on May 9, 2019. True and correct copies are attached as **Exhibits E** and **F**, respectively.

36.     Of the $11,004,658.65 owed to SBA in principal on or about June 15,

2018, PVP has made no further payments to SBA.

37.     As of the date of this Complaint, PVP has not repaid SBA in full.  The

amounts for each Debenture that PVP owes to SBA as of April 30, 2019 is broken

down in this table:

| Loan | Disbursed | Maturity | IntRate | Prin Balance | Accrued Int | Per Diem |
|---|---|---|---|---|---|---|
| 0300045604 | 1/31/2007 | 3/1/2017 | 5.826% | $ 64,658.65 | $ 7,157.32 | $ 10.46 |
| 0300045702 | 1/31/2007 | 3/1/2017 | 5.826% | $ 200,000.00 | $ 22,138.80 | $ 32.37 |
| 0300045800 | 12/21/2007 | 3/1/2018 | 5.205% | $ 1,330,000.00 | $ 131,530.35 | $ 192.30 |
| 0300045909 | 12/21/2007 | 3/1/2018 | 5.205% | $ 135,000.00 | $ 13,350.83 | $ 19.52 |
| 0300046001 | 1/31/2008 | 3/1/2018 | 4.723% | $ 2,535,000.00 | $ 227,483.30 | $ 332.58 |
| 0300046110 | 3/19/2008 | 9/1/2018 | 4.797% | $ 1,270,000.00 | $ 115,751.61 | $ 169.23 |
| 0300046208 | 3/19/2008 | 9/1/2018 | 4.797% | $ 1,270,000.00 | $ 115,751.61 | $ 169.23 |
| 0300046306 | 3/19/2008 | 9/1/2018 | 4.797% | $ 255,000.00 | $ 23,241.47 | $ 33.98 |
| 0300046404 | 4/24/2008 | 9/1/2018 | 5.050% | $ 1,250,000.00 | $ 119,937.50 | $ 175.35 |
| 0300046502 | 4/24/2008 | 9/1/2018 | 5.050% | $ 115,000.00 | $ 11,034.25 | $ 16.13 |
| 0300046600 | 4/24/2008 | 9/1/2018 | 5.050% | $ 1,250,000.00 | $ 119,937.50 | $ 175.35 |
| 0300046709 | 4/24/2008 | 9/1/2018 | 5.050% | $ 1,330,000.00 | $ 127,613.50 | $ 186.57 |
| Totals | | | | $ 11,004,658.65 | $ 1,034,928.03 | $ 1,513.05 |

38.     PVP remains in violation of the Regulations for failure to pay SBA in

full of all amounts owed, and SBA's forbearance period has ended.

39.     PVP also continues to have a Capital Impairment Percentage over

70% under § 108.1840 of the Regulations, directly resulting in a condition of

Capital Impairment in violation of § 108.1830(b) of the Regulations.

40.     PVP does not dispute that it is in violation of the Regulations.

41.     Section 364(b) of the Act, 15 U.S.C. §689m, provides that upon

determination and adjudication of noncompliance or violation of the Act or the

Regulations, all of the rights, privileges and franchises of an NMVCC may be forfeited and the NMVCC may be declared dissolved.

42.    Section 363 of the Act, 15 U.S.C. § 689l, provides that, whenever in the judgment of SBA, an NMVCC, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any rule or regulation under this Act, or of any order issued under the Act, then SBA may make application to the proper district court of the United States or a court of any place subject to the jurisdiction of the United States for an order enjoining such acts or practices, or for an order enforcing compliance with such provision, rule, regulation, or order, and such courts shall have jurisdiction of such actions, and upon a showing that such NMVCC or other person has engaged or is about to engage in such acts or practices, a permanent or temporary injunction, restraining order, or other order, shall be granted without bond. The Court may also appoint SBA to act as receiver for such NMVCC.

## COUNT ONE

### Violation of SBA Regulations for Repeated Event of Default for Non-Payment 13 C.F.R. §§ 108.507(a) and 1810(d)(5)

43.    Paragraphs 1 through 42 are incorporated herein by reference.

44.    PVP committed a Repeated Event of Default by failing to make timely payment of principal and interest to SBA for a second time.  SBA provided written notice to PVP of this Repeated Event of Default under § 108.1810(d)(5).

45.    SBA is entitled to any and all remedies under § 1810(e) under the

Regulations, including the seeking of appointment of SBA as PVP's receiver.

## COUNT TWO

### Violation of SBA Regulations for Capital Impairment
### 13 C.F.R. §§ 108.1830(b) and 108.1818(f)(5)

46.    Paragraphs 1 through 45 are incorporated herein by reference.

47.    PVP has an uncured condition of Capital Impairment as that term is

defined under the Regulations, 13 C.F.R. § 108.1830(b), which provides that an

NMVCC such as Defendant has a condition of Capital Impairment if its Capital

Impairment percentage exceeds seventy percent (70%).

48.    SBA has determined, and PVP does not dispute, that its Capital

Impairment is in excess of 70%.

49.    SBA has determined that PVP is not in compliance with its terms of

Leverage due to its uncured condition of Capital Impairment.

50.    PVP has failed to cure its Capital Impairment and SBA has

determined that PVP is in violation and default of the Regulations, 13 C.F.R.

§108.1810(f)(5).

51.    As a consequence of PVP's continuing violation of the Regulations,

SBA is entitled to the injunctive relief provided under the Act, including the

appointment of SBA as Receiver of PVP, and PVP has signed a consent judgment

and order agreeing to the relief requested by SBA.

11

## COUNT THREE

### Money Judgment

52.     Paragraphs 1 through 51 are incorporated herein by reference.

53.     PVP duly authorized and executed the Debentures in favor of SBA.

54.     PVP is in default in payment of the Debentures beyond any applicable cure period.

55.     PVP owes a debt to SBA of $11,004,658.65 in principal and $1,034,928.03 in accrued interest as of April 30, 2019, with additional interest accruing at $1,513.05/day after April 30, 2019.

56.     SBA is entitled to a money judgment for the amounts owed to it by PVP.

57.     SBA is entitled to post-judgment interest under 28 U.S.C. § 1961.

**WHEREFORE, Plaintiff prays as follows:**

A.      That injunctive relief, both preliminary and permanent in nature, be granted restraining PVP, its partners, managers, officers, agents, employees and other persons acting in concert or participation therewith from: (1) making any disbursements of PVP's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any or all funds or assets of PVP, wherever located; or (3) further violating the Act or the Regulations promulgated thereunder;

12

B.    That this Court determines and adjudicates PVP's noncompliance

with the requirements of the NMVCC participation agreement and Debentures and

violation of the Act and the Regulations promulgated thereunder;

C.    That in accordance with 15 U.S.C. § 689l this Court take exclusive

jurisdiction of PVP, and all of its assets, wherever located and appoint SBA as

permanent receiver of PVP for the purpose of liquidating all of PVP's assets and

satisfying the claims of its legitimate creditors there from in the order of priority as

determined by this Court, and pursuing causes of action available to PVP, as

appropriate.

D.    That this Court orders that PVP shall no longer be able to operate

pursuant to the participation agreement with SBA as an NMVCC upon the wind-up

and conclusion of the receivership thereof.

E.    That this Court grants such other and further relief as may be deemed

just and proper.

F.    That this Court enter a judgment in favor of SBA against PVP in the

amount of $12,039,586.68 as of April 30, 2019, consisting of principal in the

amount of $11,004,658.65 plus accrued interest of $1,034,928.03 through April 30,

2019, with a per diem interest rate of $1,513.05 per day from April 30, 2019

through the date of entry of this Order (as reduced by previous principal and

interest payments received by SBA), plus post judgment interest in favor of SBA

pursuant to 28 U.S.C. § 1961.

           Respectfully submitted,

           DAVID J. FREED
           United States Attorney

Dated: July 23, 2019       /s/ Samuel S. Dalke
           Samuel S. Dalke
           Assistant U.S. Attorney
           PA Bar No. 311803
           228 Walnut Street, 2nd Floor
           P.O. Box 11754
           Harrisburg, PA 17108-1754
           Tel: (717) 221-4482
           samuel.s.dalke@usdoj.gov

           U.S. SMALL BUSINESS ADMINISTRATION

Dated: July 23, 2019       By: /s/ Thomas W. Rigby
           Thomas W. Rigby
           Assistant General Counsel for SBIC Liquidation
           U.S. Small Business Administration
           Office of General Counsel
           409 Third Street, Seventh Floor
           Washington, D.C. 20416
           Telephone: (202) 619-1610
           Facsimile: (202) 481-5866
           Email: thomas.rigby@sba.gov

           Arlene M. Embrey, Trial Attorney
           U.S. Small Business Administration
           Office of General Counsel
           409 Third Street, Seventh Floor
           Washington, D.C. 20416
           Telephone: (202) 205-6976
           Facsimile: (202) 481-0324
           Email: arlene.embrey@sba.gov

# Exhibit A

*Penn Venture Partners, L.P.*

**NEW MARKETS VENTURE CAPITAL
PROGRAM
INVESTMENT DIVISION
U. S. SMALL BUSINESS ADMINISTRATION**
409 Third Street, SW Washington, DC 20416 Tel: (202) 205-6510

## PARTICIPATION AGREEMENT

This Participation Agreement ("Agreement") is between the U.S. Small Business Administration ("SBA"), an agency of the United States Government, and Penn Venture Partners, L.P. ("Company"), a New Markets Venture Capital Company ("NMVCC") (collectively, "the parties").

WHEREAS, Company is a newly formed, for-profit, venture capital company organized as a Limited Partnership under the laws of the state of Delaware.

WHEREAS, on July 9, 2001, SBA selected Company as a Conditionally Approved NMVCC pursuant to section 108.370 of the Regulations, and upon the Effective Date of this Agreement, SBA grants final approval to Company as a NMVCC under section 108.380(a)(1) of the Regulations.

WHEREAS, the objective of SBA's NMVC program is to promote economic development and the creation of wealth and job opportunities in Low-Income Geographic Areas ("LI Areas") and among individuals living in such areas.

NOW, THEREFORE, in consideration of each party's undertakings described in this Agreement and other good and lawful consideration, the sufficiency of which the parties acknowledge, the parties agree as follows:

### Section 1.    Definitions

The parties agree that unless otherwise specified in this Agreement, all terms with initial capitalization used in this Agreement have the definitions stated in this section 1, as follows:

Act means the Small Business Investment Act of 1958, as amended from time to time.

Application means the following documents submitted by Company to SBA as part of Company's application for designation as an NMVCC, and any attachments and amendments to such documents:
- (1)    NMVC Application, SBA Form 2184
- (2)    Exhibits to NMVC Application, SBA Form 2185
- (3)    Application for Federal Assistance, Standard Form 424
- (4)    any other documents that SBA required Company to submit or that Company submitted in support of its application for designation as an NMVCC.

Articles has the meaning set forth in section 108.50 of the Regulations.

Debentures has the meaning set forth in section 108.50 of the Regulations.

*Penn Venture Partners, L.P.*

Effective Date of this Agreement is the date upon which SBA executes this Agreement by signing below, which date must be on or after the date upon which Company executes this Agreement by signing below.

Equity Capital Investment has the meaning set forth in section 108.50 of the Regulations.

Financing has the meaning set forth in section 108.50 of the Regulations.

Grant Agreement means the Notice of Award (SBA Form 1222) executed by Company and SBA, which outlines the terms and conditions governing the Operational Assistance grant SBA has awarded to Company, as may be amended from time to time.

Grant Funds has the meaning set forth in the Grant Agreement.

Leverage has the meaning set forth in section 108.50 of the Regulations.

Low-Income Enterprises has the meaning set forth in section 108.50 of the Regulations.

New Markets Venture Capital Company and NMVCC have the meaning set forth in section 108.50 of the Regulations.

OMB Circular A-110 means Circular A-110 of the Office of Management and Budget, entitled "Uniform Administrative Requirements for Grants and Agreements With Institutions of Higher Education, Hospitals, and Other Non-Profit Organizations," as may be amended from time to time.

Operational Assistance has the meaning set forth in section 108.50 of the Regulations and in the terms and conditions of the Grant Agreement.

Portfolio Concern has the meaning set forth in section 108.50 of the Regulations.

Regulations means Part 108 of Title 13 of the Code of Federal Regulations, as amended from time to time.

Smaller Enterprise has the meaning set forth in section 108.50 of the Regulations.

## Section 2.    Participation in the NMVC Program

a.    Company agrees to manage its operations in accordance with the terms of its comprehensive business plan set forth in its Application, including its mission of economic development of LI Areas, its operating plan, investment criteria and strategies, and its plan to provide Operational Assistance.  Company's Application is incorporated by reference into this Agreement.

b.    Company agrees to comply with and fulfill the terms and conditions of its Grant Agreement, which is incorporated by reference into this Agreement.

c.    Company agrees to comply with and fulfill the terms and conditions of this Agreement.

*Penn Venture Partners, L.P.*

   d.   Company agrees to comply with and fulfill the terms and conditions of Debentures issued by Company.

   e.   Company agrees to comply with and fulfill the terms and conditions of any other agreement or document Company has executed or will execute with or in favor of SBA, all of which are incorporated by reference into this Agreement.

   f.   Company agrees to comply with the Act, the Regulations, and any written policies and procedures SBA issues pursuant to its administration of the NMVC program.

## Section 3.     Financing Activities

   Company agrees to conduct its Financing activities in compliance with the Act and the Regulations, including but not limited to complying with section 108.710 of the Regulations to extend Financings so that at the close of each of its fiscal years:

   a.   At least 80% of its Portfolio Concerns are Low-Income Enterprises in which Company has an Equity Capital Investment; and

   b.   For all Financings Company has extended, Company has invested at least 80% (in total dollars) in Equity Capital Investments in Low-Income Enterprises.

## Section 4.     Operational Assistance Activities

   Company agrees to conduct its Operational Assistance activities in compliance with the Act, the Regulations, and the Grant Agreement, including but not limited to the following requirements:

   a.   Company must use Grant Funds to provide Operational Assistance to Smaller Enterprises only.

   b.   Company must provide Operational Assistance, if paid for with Grant Funds, only to Smaller Enterprises to which Company already has made a Financing, or to which it expects to make a Financing.

   c.   Company must provide Operational Assistance to Smaller Enterprises to which Company has made a Financing or to which it expects to make a Financing, at no cost, for no fee, and with no requirement that such Smaller Enterprises provide consideration, either directly or indirectly, in exchange for the Operational Assistance.

## Section 5.     Commitment of Leverage

   a.   Amount.  SBA conditionally commits to reserve Leverage in the face amount of $15 million for Company's future use, subject to the provisions of sections 108.1220 - 108.1240 of the Regulations, which are incorporated by reference into this Agreement.

   b.   Conditions.  Each issuance by SBA of Leverage to Company is conditioned upon Company's creditworthiness (as determined solely by SBA) and Company's full compliance (as determined solely by SBA) with the Act, the Regulations, this Agreement (including, but not limited to, the terms and conditions of the Debentures issued by Company and the Grant Agreement), and each of the terms and conditions set forth in sections 108.1200 through 108.1240 of the Regulations.

*Penn Venture Partners, L.P.*

    c.    <u>Form.</u>  SBA will provide Leverage only in the form of SBA's guaranty of Debentures issued by Company.

    d.    <u>Expiration.</u>  SBA's Leverage commitment described in section 5.a of this Agreement automatically will terminate at 4pm Eastern Standard Time on Wednesday, April 23, 2008.

    e.    <u>Draws.</u>  Company must apply to draw down Leverage against SBA's commitment, pursuant to sections 108.1220 - 108.1240 of the Regulations. SBA may limit the amounts that Company may draw each year.

    f.    <u>Certifications.</u>  By signature of Company's authorized representative below, Company makes the following certifications:

    (1) At the time it executes this Agreement, Company is not in violation of its Articles, the Regulations, or the Act.

    (2) Company will use the Leverage conditionally committed by SBA through this Agreement, only for the purposes contemplated by the Act and the Regulations.

    (3) There has been no change of ownership or control of Company, no change in Company's investment policy, operations, or capital, and no adverse change in Company's financial condition, since the date(s) upon which Company's business formation and organization documents and Capital Certificate (Exhibit M, Exhibits to NMVC Application, SBA Form 2185) were executed.

### Section 6.    Events of Default and SBA's Remedies

    a.    <u>Noncompliance with terms of Debentures.</u>  Noncompliance with any of the terms of Debentures issued by Company constitutes noncompliance with this Agreement. SBA may take any action permitted under the terms of such Debentures (including but not limited to the remedies set forth in section 108.1810 as in effect on the date the Debenture was issued and incorporated in the Debenture). In addition, SBA may take the actions described in OMB Circular A-110, paragraphs 14 and 62, which include but are not limited to withholding cash payments under the Grant Agreement and placing in the Grant Agreement special terms and conditions that require corrective action by Company. SBA also may consider Company to be not eligible for Leverage pursuant to section 108.1120 of the Regulations. In addition to SBA's remedies as described in this Agreement, SBA also may seek the remedies set forth in sections 363 through 366 of the Act (15 U.S.C. §§ 689I - 689o).

    b.    <u>Noncompliance with terms of Grant Agreement.</u>  SBA may take certain actions that would affect Company's rights under this Agreement and/or Debentures issued by Company, based on Company's violation of or non-compliance with the Grant Agreement. Such potential enforcement, suspension, and termination actions are outlined in the Grant Agreement. Noncompliance with the terms of the Grant Agreement constitutes noncompliance with this Agreement. In addition to SBA's remedies as described in this Agreement, SBA also may seek the remedies set forth in sections 363 through 366 of the Act (15 U.S.C. §§ 689I - 689o).

    c.    <u>Noncompliance with Act and/or Regulations.</u>  Noncompliance with any provision of the Act and/or the Regulations constitutes noncompliance with this Agreement. SBA may

*Penn Venture Partners, L.P.*

take the actions described in OMB Circular A-110, paragraphs 14 and 62, which include but are not limited to withholding cash payments under the Grant Agreement and placing in the Grant Agreement special terms and conditions that require corrective action by Company. SBA also may consider Company to be not eligible for Leverage pursuant to section 108.1120 of the Regulations. In addition to SBA's remedies as described in this Agreement, SBA also may seek the remedies set forth in sections 363 through 366 of the Act (15 U.S.C. §§ 689l - 689o).

## Section 7.    Termination

a.    Company has no right to terminate this Agreement except as provided in section 108.1900 of the Regulations.

b.    Pursuant to section 364 of the Act (15 U.S.C. 689m), SBA may void this Agreement and cause Company to forfeit all of the rights and privileges Company derives from the NMVC program for commission of a violation or failure to comply with any of the provisions of the Act, any regulation promulgated under the Act, or this Agreement.

## Section 8.    Miscellaneous

a.    Amendments.  Amendments to or waivers from this Agreement are effective and binding upon the parties only if they are in writing and signed by an authorized representative of each of the parties.

b.    Entire Agreement.   This Agreement constitutes the entire agreement and understanding of the parties concerning the matters covered by this Agreement, and supercedes any prior understandings or agreements.

c.    Counterparts.  The parties may execute this Agreement in counterparts, each of which is deemed an original, and all such counterparts constitute one instrument.

d.    Severability.    If any provision in this Agreement is invalid, illegal, or unenforceable, all other provisions will remain in effect.

e.    Governing law.  This Agreement is governed by, and construed in accordance with, Federal law.

f.    Reliance.  SBA enters into this Agreement in reliance on the written certifications and representations Company made to SBA in connection with the Application and in this Agreement.

g.    Mutual representations.  Each of the parties to this Agreement represents and warrants to the other party that the Agreement has been duly authorized, executed, and delivered by such party and constitutes a valid, legal, and binding obligation of such party, enforceable in accordance with its terms.

h.    Third party beneficiaries and indemnification.  There are no express or implied third party beneficiaries to this Agreement.  Company agrees to indemnify and defend SBA from and against, and pay any and all liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, or expenses of any kind or nature arising out of this Agreement.

i.    Non-Assignability.  Company may not assign this Agreement or transfer its rights under this Agreement in whole or in part without SBA's prior written consent.  SBA may assign

*Penn Venture Partners, L.P.*

or transfer its rights and obligations under this Agreement at any time to any agency or entity succeeding to the SBA's obligations under the Act.

The parties have caused their names to be signed by their authorized representatives on the dates stated below.

**Penn Venture Partners, L.P.:**

By:     Penn Venture Associates, LLC
        its General Partner

        By: _____
            Vito F. Russo
            Manager

Date: _____

**U.S. Small Business Administration:**

By:     _____
        Ronald E. Bew
        Associate Deputy Administrator for Capital Access

Date: _____

SBA Form 2204 (1/02)                                                                 6 of 6

*Penn Venture Partners, L.P.*

or transfer its rights and obligations under this Agreement at any time to any agency or entity succeeding to the SBA's obligations under the Act.

The parties have caused their names to be signed by their authorized representatives on the dates stated below.

**Penn Venture Partners, L.P.:**

By:   Penn Venture Associates, LLC
      Its General Partner

      By:   _____
            Vito F. Russo
            Manager

Date: _____


**U.S. Small Business Administration:**

By:   _____
      Ronald E. Bew
      Associate Deputy Administrator for Capital Access

Date: _____

*Penn Venture Partners, L.P.* 

or transfer its rights and obligations under this Agreement at any time to any agency or entity succeeding to the SBA's obligations under the Act.

The parties have caused their names to be signed by their authorized representatives on the dates stated below.

**Penn Venture Partners, L.P.:**

By:     Penn Venture Associates, LLC
        its General Partner

        By:     _____
                Vito F. Russo
                Managing Member
Date:   _____


**U.S. Small Business Administration:**

By:     _____
        Ronald E. Bew
        Associate Deputy Administrator for Capital Access
Date:   _____4/23/03_____


SBA Form 2204 (1/02)                                                                 6 of 6

# Exhibit B



# U.S. SMALL BUSINESS ADMINISTRATION
### WASHINGTON, DC 20416

**SENT VIA US MAIL & EMAIL**

March 8, 2016

Mr. Dean M. Kline                                    NMVCC # 03/83-0003
Mr. Thomas A. Penn
Mr. Robert A. Graham

Penn Venture Partners, L.P.
132 State Street
Suite 200
Harrisburg, PA 17101

Dear Sirs:

This letter serves as notice from the U.S. Small Business Administration (SBA) that Penn Venture Partners, L.P. (PVP) is in default under the terms of its debentures pursuant to §§ 108.1810(f)(3), 108.1810(f)(5),108.1810(d)(5) and 108.1810(f)(7), of the New Markets Venture Capital (NMVC) Program regulations.

By letter dated March 11, 2015, PVP was notified of its failure to pay two (2) debentures that had matured and were due and owing in the total amount of $1,755,000 and the resulting event of default under §108.1810(f)(3). As noted in the letter, PVP made a late payment on March 4, 2015, in the amount of $955,000, requiring SBA to cover PVP's deficiency by making payment of $800,000 to SBA's trustee and bond holder of NMVC debentures. PVP cured the event of default by repaying SBA on March 26, 2015.

Pursuant to §108.1810(f)(3), PVP is again in default for failing to pay the principal and interest of one (1) NMVC debenture that has matured and is now due and owing, plus the semiannual interest payments on an additional fourteen (14) outstanding NMVC debentures in the total amount of $1,341,741.32 on February 29, 2016, as follows:

| Control# | Settlement | Maturity | Rate | Amount | Payment |
|----------|-----------|----------|------|--------|---------|
| N0600003 | 02/10/2006 | 03/01/2016 | 5.653% | $1,033,406.33 | Principal & Interest |
| N0600026 | 01/31/2007 | 03/01/2017 | 5.826% | $5,826.00 | Interest |
| N0600027 | 01/31/2007 | 03/01/2017 | 5.826% | $8,739.00 | Interest |
| N0600028 | 01/31/2007 | 03/01/2017 | 5.826% | $23,304.00 | Interest |
| N0600029 | 01/31/2007 | 03/01/2017 | 5.826% | $5,826.00 | Interest |
| N0700021 | 12/21/2007 | 03/01/2018 | 5.205% | $34,613.25 | Interest |
| N0700022 | 01/31/2008 | 03/01/2018 | 4.723% | $59,864.03 | Interest |
| N0700023 | 12/21/2007 | 03/01/2018 | 5.205% | $3,513.38 | Interest |
| N0800001 | 03/19/2008 | 09/01/2018 | 4.797% | $30,460.95 | Interest |
| N0800002 | 03/19/2008 | 09/01/2018 | 4.797% | $30,460.95 | Interest |
| N0800003 | 03/19/2008 | 09/01/2018 | 4.797% | $6,116.18 | Interest |
| N0800005 | 04/24/2008 | 09/01/2018 | 5.050% | $31,562.50 | Interest |
| N0800006 | 04/24/2008 | 09/01/2018 | 5.050% | $2,903.75 | Interest |
| N0800007 | 04/24/2008 | 09/01/2018 | 5.050% | $31,562.50 | Interest |
| N0800008 | 04/24/2008 | 09/01/2018 | 5.050% | $33,582.50 | Interest |
| | | | **Total Due** | **$1,341,741.32** | |

PVC is in violation of §108.1810(d)(5), because PVP has repeated events of default by again failing to make timely payment of principal and interest.

In addition, PVP is in violation of §108.1810(f)(5), because you have a condition of capital impairment which exceeds the permissible Capital Impairment Percentage (CIP) of 70 percent as determined by §108.1830 with a CIP of 90.6 percent, as of March 1, 2016.

Pursuant to §108.1810(g), SBA requires that PVP cure its impairment, default in payment and nonperformance of the terms of your obligation to SBA, by no later than fifteen (15) days from the date of this letter. In the event that the impairment cannot be cured by that date, SBA requires PVP to provide a detailed plan and proposed time frame by which PVP can cure the regulatory violation. Any such plan must also include cash flow projections and demonstrate PVP's ability to service ongoing semiannual interest payments in a timely manner until such time as all of PVP's outstanding NMVC debentures may be fully repaid.

In the event that PVP does not cure these violations in a manner that is satisfactory to SBA, SBA may invoke remedies under §108.1810(g), including declaring PVP's entire indebtedness as evidenced by its outstanding NMVC debentures, accrued interest and any other amounts owed to SBA, immediately due and payable, or pursuing any remedy available under the Small Business Investment Act of 1958, as amended, (the Act) in order to protect SBA's credit position.

In the event full payment due to SBA in the amount of $1,341,741.32 in principal and interest has not been received by SBA within fifteen (15) days from the date of this letter, pursuant to §1810(e)(1) SBA will declare PVP's entire indebtedness as evidenced by its outstanding NMVC debentures, including accrued interest and any other amounts owed to SBA, immediately due and payable, and SBA will transfer PVP to the Office of Liquidation and begin the appropriate legal remedies, including but not limited to instituting proceedings for the appointment of SBA or its designee as your receiver pursuant to §1810(e)(2) and section 363(c) of the Act.

The foregoing is made without prejudice of any other rights of SBA. Accordingly, SBA specifically reserves the right to seek and impose further remedies upon PVP as warranted. PVP continues to be bound by the Act and the NMVC program regulations.

If you have any questions regarding the requirements outlined by SBA in this letter, please contact your NMVC program analyst, Louis Cupp, at (202) 619-0511 or by e-mail at louis.cupp@sba.gov.

Sincerely,

Mark Walsh
Associate Administrator
Office of Investment and Innovation
U.S. Small Business Administration

2

# Exhibit C



**U. S. SMALL BUSINESS ADMINISTRATION**
409 Third St., S.W., Sixth Floor
Investment Division, Office of SBIC Liquidation
Washington, D.C. 20416
Telephone: (202) 205-7252   Facsimile: (202) 481-5884

June 10, 2016

<u>VIA CERTIFIED MAIL- RETURN RECEIPT AND E-MAIL</u>

Managing Partners
Penn Venture Partners, LP
132 State Street
Harrisburg, PA 17101

Re:    NMVCC:  03/83-0003  Acceleration of Indebtedness, Demand for Payment

Dear Mssrs. Kline and Graham:

You are hereby advised that Penn Venture Partners, LP ("PVP" or "Licensee") has been transferred to liquidation status due to Capital Impairment.  The Licensee was notified by letter dated March 8, 2016 that is was in default under the terms and its debentures pursuant to the cited sections of the New Markets Venture Capital (NMVC) Program regulations.  Pursuant to the Small Business Investment Act of 1958, as amended ("Act"), the U. S. Small Business Administration ("SBA") provided financing to Licensee through purchase from Licensee of Debentures as follows:

| Loan | Disbursed | Status | Prin Balance |
|---|---|---|---|
| 0300045103 | 9/17/2004 | Paid In Full | $ - |
| 0300045201 | 1/18/2005 | Paid In Full | $ - |
| 0300045310 | 2/10/2006 | In Liquidation Disbursed | $ 1,005,000.00 |
| 0300045408 | 1/31/2007 | In Liquidation Disbursed | $ 200,000.00 |
| 0300045506 | 1/31/2007 | In Liquidation Disbursed | $ 300,000.00 |
| 0300045604 | 1/31/2007 | In Liquidation Disbursed | $ 800,000.00 |
| 0300045702 | 1/31/2007 | In Liquidation Disbursed | $ 200,000.00 |
| 0300045800 | 12/21/2007 | In Liquidation Disbursed | $ 1,330,000.00 |
| 0300045909 | 12/21/2007 | In Liquidation Disbursed | $ 135,000.00 |
| 0300046001 | 1/31/2008 | In Liquidation Disbursed | $ 2,535,000.00 |
| 0300046110 | 3/19/2008 | In Liquidation Disbursed | $ 1,270,000.00 |
| 0300046208 | 3/19/2008 | In Liquidation Disbursed | $ 1,270,000.00 |
| 0300046306 | 3/19/2008 | In Liquidation Disbursed | $ 255,000.00 |
| 0300046404 | 4/24/2008 | In Liquidation Disbursed | $ 1,250,000.00 |
| 0300046502 | 4/24/2008 | In Liquidation Disbursed | $ 115,000.00 |
| 0300046600 | 4/24/2008 | In Liquidation Disbursed | $ 1,250,000.00 |
| 0300046709 | 4/24/2008 | In Liquidation Disbursed | $ 1,330,000.00 |
| 0300040003 | 4/24/2008 | Paid In Full | $ - |
| **Totals** | | | **$ 13,245,000.00** |

The Debentures incorporate, by reference, provisions of SBA's Regulations (13 C.F.R.) ("the Regulations") as if fully set forth therein, including, but not limited to, 108.1810, Events of default and SBA's remedies for NMVC Company's non-compliance with the terms of Debentures. Section 108.1810(g) of the Regulations provides, in part, that upon written notice to the Licensee of the occurrence of one or more of the events in paragraph (f) of Section 1810, and subject to the conditions of paragraph (g)(2) of Section 1810, SBA may declare the entire indebtedness evidenced by Licensee's debentures, including accrued interest, and/or any other amounts owed SBA with respect to the Debentures, immediately due and payable and may avail itself of any remedy available under the Act, specifically including institution of proceedings for the appointment of SBA or its designee as receiver under Section 363(c) of the Act.

By letter dated March 8, 2016, Licensee was given notice that it was in default under the terms of its Debentures. The event of default was due to failure to pay two debentures that had matured.. The Licensee was given an opportunity to cure its condition of Capital Impairment no later than 15 days from May 1, 2012. Licensee further states that it was given an opportunity to cure this condition of Capital Impairment and has failed to do so.. As a consequence of the default, all outstanding Debentures have been accelerated in accordance with Section 108.1810(g)(1). Your remittance of payment in full for the accelerated Debentures, including accumulated interest and fees thereon, together with payment of the preferred securities and all accrued dividends, should be submitted to the undersigned before the expiration of fifteen (15) days from the date of this letter. As of June 10, 2016, the Licensee is indebted to SBA for the Debentures in the total principal amount of $13,245,000.00 plus accrued of $412,112.11, a total of $13,657,112.11.

No right or cause of action of SBA shall be waived by this notice of acceleration of maturity and demand for payment. In the absence of a satisfactory response to the foregoing, please be advised that this Agency will commence appropriate legal action for the collection of this indebtedness, including the institution of proceedings for the appointment of SBA as the Receiver of PVP. If you wish to propose a means of settling the amount owing to SBA by a method other than a cash payment, such proposal should be submitted within the seven (7) day time period referred to above.

If you have any questions, please contact me by e-mail at: david.parrish@sba.gov or by telephone at (202) 205-6346.

Sincerely,

David B. Parrish
Financial Analyst
Office of SBIC Liquidation

# Exhibit D



**U. S. SMALL BUSINESS ADMINISTRATION**
409 Third St., S.W., Sixth Floor
Investment Division, Office of SBIC Liquidation
Washington, D.C. 20416

June 15, 2018

Penn Venture Partners, L.P.
132 State Street
Harrisburg, PA 17101

Re: Penn Venture Partners, L.P. ("Licensee"); SBIC License No. 03/83-0003

Gentlemen:

Based upon the information provided to SBA by Licensee, SBA has made the determination to forebear from taking any action to refer Licensee for receivership for a period of time to allow Licensee's management to liquidate one or more of its portfolio of assets and to use those proceeds to repay to the greatest extent possible all outstanding SBA Debenture Leverage and accrued interest. SBA is hereby granting forbearance until December 31, 2018 for Licensee to pay SBA in full based on the terms outlined below and subject to SBA's approval:

1. As consideration for SBA's agreement to this forbearance, and in lieu of immediately seeking to place the Licensee into Receivership, Licensee shall sign and return to SBA the stipulation and order consenting to a Receivership enclosed with this letter. SBA agrees that it will forebear from filing the stipulation and order consenting to Receivership until December 31, 2018 (the "Forbearance Period") unless there is a default as outlined in paragraph 7 below. Notwithstanding the foregoing, at SBA's sole discretion, SBA reserves the right to pursue a Receivership at any time without using the signed stipulation or consent order, and Licensee may not use this letter as a basis to oppose SBA's exercise of its other rights without use of the stipulation and consent order.

2. Throughout the Forbearance period, Licensee is prohibited from making any additional investments except for investments under legally binding commitments Licensee entered into before its transfer to the Office of Liquidation. Licensee must obtain SBA's prior written approval for any follow on investments in current portfolio concerns.

1

3. Until all leverage is redeemed and amounts due are paid, Licensee is prohibited from making any distributions to any party other than SBA, its agents or Trustee. In addition, within twenty (20) business days of learning of an "event/milestone", Licensee will supply timely updates of these major events/milestones, that are **either** made or missed for all Licensee's investments. Examples of events/milestones include but are not limited to:

> *expected contracts or orders cancelled/reduced that were anticipated to contribute more than 15% of projected revenue in the next 12 months;
> *executive, financial or technical personnel (employees/contractors) leaving company;
> *lead or major investor(s) stating they are pulling out or not providing any more funding;
> *senior lenders declare a default or take any other action against the investment;
> *projected shortages of operating cash; or
> *material changes in competitive landscape.

6. Management fees are currently set at $350,000 per year and will remain so absent written notice from SBA. All management fees must be paid on a monthly basis, as earned, and not in advance. The Licensee may elect to defer the payment of management fees. Payment of **any** deferred management fees which accrue after the date Licensee was placed in Restricted Operations and/or Liquidation are subordinated to all amounts payable to SBA. Audit, accounting and tax expenses are to be capped at $25,000 per year. Legal expenses greater than $5,000 per quarter must be approved, in advance, by SBA. Licensee may reserve $250,000 for follow on expenses.

7. Licensee represents to SBA that it has the authority to agree to the terms of this letter.

The foregoing is made without prejudice to any other rights of SBA. All of the obligations of the Licensee under this Forbearance Agreement are in addition to, and not instead of, their obligations under applicable law and regulations. Accordingly, SBA specifically reserves the right to seek and impose further remedies upon the Licensee as warranted. Licensee continues to be bound by the Small Business Investment Act of 1958, as amended, and the Regulations found in 13 C.F.R., Part 107, including the Restricted Operations Conditions. Any exception to the Regulations must be approved in writing by SBA.

It is hoped that an expedient and mutually satisfying resolution of Licensee's obligation to the SBA can be achieved. I look forward to continuing our relationship and providing any assistance that I can in reaching a productive conclusion.

Sincerely,

David B. Parrish
Analyst, Account Resolution Branch
Office of SBIC Liquidation

Agreed:                              PENN VENTURE PARTNERS, L.P.

Dated:                   By:   _____

                         Title:   _____
                                 PENN VENTURE ASSOCIATES, LLC
                                 General Partner

3

# Exhibit E

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| **Plaintiff,** ) | NO. CV- |
| ) | |
| **vs.** ) | |
| ) | **Stipulation for Entry of** |
| PENN VENTURE PARTNERS, L.P.) | **Consent Order Appointing** |
| ) | **Receiver** |
| Defendant. ___ ) | |

WHEREAS, Defendant, Penn Venture Partners, L.P. ("PVP") is a licensee of the United States Small Business Administration ("SBA") under the Small Business Investment Act of 1958, as amended, 15 U.S.C. §661, et seq. (the "Act");

WHEREAS, Defendant is in violation of the Act and SBA's regulations, thereby entitling SBA to obtain a receivership and other injunctive relief against Defendant under 15 U.S.C. §689l;

WHEREAS Defendant has agreed to entry of the Consent Order for Receivership; and

WHEREAS, the said parties desire to resolve this matter amicably without further proceedings, trial or adjudication of any issue, and do hereby stipulate as follows:

STIPULATION FOR ENTRY OF CONSENT ORDER APPOINTING RECEIVER 1

1.    That this Court has jurisdiction over the subject matter of this action and over Defendant in accordance with 15 U.S.C. §§689l and 689m, and that venue is proper under 15 U.S.C. §689m, and 28 U.S.C. §1391(b);

2.    That Defendant agrees to the entry of the attached Consent Order without further proceedings;

3.    That the Defendant waives findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure;

4.    That Defendant waives any right or basis to contest the validity of the attached Consent Order; and

5.    That the Consent Order may be presented by Plaintiff to the Court for signature and entry without further notice to Defendant; provided however the United States will provide notice of entry to Defendant.

/
/
/
/
/
/
/
/

STIPULATION FOR ENTRY OF CONSENT ORDER APPOINTING RECEIVER 2

Dated May 9, 2018

**STIPULATED AND AGREED BY THE PARTIES' AUTHORIZED REPRESENTATIVES:**

U.S. SMALL BUSINESS ADMINISTRATION

By: _Thos Gulu Morris_
    Acting Deputy Associate Adm for Investment and Innovation

Its: _Director, office of Liquidation_

PENN VENTURE PARTNERS, L.P.

By: _____

Its: _Managing Director_

# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>PENN VENTURE PARTNERS, L.P.<br><br>    Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civ. Action No. 1: 19-cv-1217

Receivership Order

## CONSENT ORDER OF RECEIVERSHIP

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1.    Pursuant to the provisions 15 U.S.C. §691, this Court hereby takes exclusive jurisdiction of the Penn Venture Partners, L.P. ("PVP"), and all of its assets and property, of whatever kind and wherever located, and the U.S. Small Business Administration ("SBA") is hereby appointed Receiver of PVP ("Receiver") to serve without bond until further order of this Court.  The Receiver is appointed for the purpose of marshaling and liquidating all of PVP's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of PVP under applicable state and federal law, by the Articles of Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 691 and 28 U.S.C. § 754.  The trustees, directors, officers, managers,

1

employees, investment advisors, accountants, attorneys and other agents of PVP are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to PVP's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of PVP and shall pursue and preserve all of its claims.

      3.     The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to PVP. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of PVP, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to PVP and all of PVP's assets and all other assets and property of the limited partnership, whether real or personal. The general partner of PVP shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of PVP, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of PVP. Within thirty (30) days following the entry of this Order, the general partner of PVP shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of PVP are hereby directed to turn such assets and property over to the Receiver.

      4.     The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and

general and limited partners of PVP, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt or distribution to PVP shall, until further ordered by this Court, pay or otherwise fulfill all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if PVP had received such payments.

        5.      The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions and to extend credit on behalf of PVP, to utilize SBA personnel, and to retain or employ such other persons as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants, advisors, brokers, and appraisers, and is further authorized to expend receivership funds to compensate such persons in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such persons. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to persons retained or employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset, other than real estate.

        6.      PVP's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and

limited partners of PVP, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to PVP. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7.       The parties or prospective parties to any and all civil legal proceedings (excluding the instant proceeding), wherever located, including, but not limited to arbitration proceedings, bankruptcy or foreclosure actions, default proceedings, or any other proceedings involving (i) PVP, (ii) any assets of PVP, (iii) the Receiver for PVP or (iv) PVP's present or past officers, directors, managers, or general partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken by them while acting in their official capacity with PVP, are enjoined from taking any action, including discovery, commencing or continuing any legal proceeding of any nature without further order of this Court.

8.       All civil legal proceedings wherever located, including arbitration proceedings, foreclosure activities, bankruptcy actions, or default proceedings, but excluding the instant proceeding, involving (i) PVP, (ii) any of assets of PVP, (iii) the Receiver for PVP or (iv) PVP's present or past officers, directors, managers, or general

4

partners (including the managers or members of such general partner) to the extent said civil legal proceedings involve any action taken in their official capacity for PVP are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action in such proceedings until further Order of this Court.

9.      Further, as to a cause of action or claim accrued or accruing in favor of PVP against a third person or party, any applicable statute of limitation is tolled to the extent allowed by applicable law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action or claim.

10.     PVP and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of PVP to the detriment of PVP or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder ("Regulations") in Part 108 of Title 13 C.F.R.

11.     The Receiver is authorized to borrow up to $500,000 from the SBA on behalf of PVP and is authorized to cause PVP to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of PVP, excluding administrative expenses of

5

the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of PVP.

12.     This Court determines and adjudicates that SBA has made a sufficient showing that PVP has violated the Act and the Regulations, as alleged in the Complaint filed against PVP in the instant action, to obtain the relief so requested.

DATED this __24th__ day of __Jul__, 20 __19__

_____
UNITED STATES DISTRICT COURT JUDGE

**SEEN, STIPULATED AND AGREED:**

PENN VENTURE PARTNERS, L.P., through its authorized representative

By: _____

Title: _Managing Director_

General Partner of PVP, L.P.

Date: _May 9, 2019_

6